Citation Nr: 1725273 
Decision Date: 06/28/17 Archive Date: 07/18/17

DOCKET NO. 12-18 471 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for headaches. 

2. Entitlement to service connection for a back disorder, to include as secondary to his service-connected right foot disorder. 
 

REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

A. N. Nolley, Associate Counsel 




INTRODUCTION

The Veteran had active service from July 1965 to December 1987. 

This case comes before the Board of Veterans' Appeals (Board) on appeal of an August 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

In his June 2012 substantive appeal, the Veteran requested a hearing before the Board. The hearing was scheduled for a date in March 2016. He was notified by way of a letter dated in February 2016, but he failed to appear for the hearing. The Veteran has not provided a reason for the failure to appear or requested that the hearing be rescheduled; thus, the Board deems the hearing request withdrawn.

The record before the Board consists of the Veteran's electronic records within Virtual VA and the Veterans Benefits Management System (VBMS).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

While additional delay is unfortunate, the Board finds further development is required before the Veteran's claims are decided. Initially, the Board notes that a remand by the Board confers upon the claimant, as a matter of law, the right to compliance with the remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

When this case was previously before the Board it was remanded for VA examinations. A November 2016 email indicated that the VA examination was canceled for various reasons. A November 2016 report of general information showed that the Veteran requested the VA to reschedule the VA examination at the St. Petersburg VA Medical Center closer to his home. In December 2016, the Veteran explained that the VA examination was scheduled at a location 60 miles away from his office, that he was unable to report for the examination due to his work schedule, and that he attempted to reschedule the examination. There is no indication that the VA examination was rescheduled. Therefore, the Board finds that a remand is required to afford the Veteran another opportunity to undergo a VA examination at an appropriate location. See Stegall, 11 Vet. App. at 271. 

In a December 2016 statement, the Veteran reported that he received medical treatment at multiple naval facilities for his back disorder and headaches. He asserted that he was given medication to relieve his headaches and that he was given muscle relaxers and a back brace for his back injury. Records of this treatment are not contained within the Veteran's service treatment records. Accordingly, the RO should request that the RO should request that the Veteran provide additional information regarding his medical treatment at the naval facilities, and attempt to obtain any clinical records available from such treatment. 

In September 2016, the Veteran indicated that he was treated at MacDill Air Force Base in the 1980s. It does not appear that a request for such records was initiated. On remand, the RO must attempt to obtain treatment records from the MacDill Air Force Base. 

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request that he identify the name, dates, and locations for the in-service medical treatment he received at naval facilities for his headaches and back. 

2. Then, obtain any outstanding records pertinent to the issue on appeal, to include any more recent treatment records related to the claimed disability, as well as the Veteran's medical treatment records from naval facilities and the MacDill Air Force Base. If any requested records are not available, the record should be annotated to reflect such and the Veteran notified in accordance with 38 C.F.R. § 3.159 (e).

3. Thereafter, the RO or AMC must attempt to schedule the Veteran for a VA examination at the St. Petersburg VA Medical Center to determine the nature and etiology headache disorder. All pertinent evidence of record must be made available to and reviewed by the examiner. A notation indicating this record review took place should be included in the examination report. Any indicated studies should be performed.

Following a review of the relevant records and lay statements, the examiner should state an opinion with respect to whether it is at least as likely as not (a 50 percent probability or greater) the Veteran's headache disorder is etiologically related to service.

The examiner must provide a complete rationale for any proffered opinions. In this regard, the examiner must discuss and consider the Veteran's December 2016 statement that he was treated for headaches during service 

If the examiner is unable to provide any required opinions, he or she should explain why. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to the particular question presented.

4. Thereafter, the RO or AMC must attempt to schedule the Veteran for a VA examination at the St. Petersburg VA Medical Center to determine the nature and etiology of any back disorder. All pertinent evidence of record must be made available to and reviewed by the examiner. A notation indicating this record review took place should be included in the examination report. Any indicated studies should be performed.

Following a review of the relevant records and lay statements, the examiner should state an opinion with respect to whether the Veteran's back disorder at least as likely as not (a 50 percent probability or greater):

(a) was incurred in, was caused by, or is otherwise etiologically related to his military service; 

(b) was caused by his service-connected right foot disorder; or

(c) was aggravated by the Veteran's service-connected right foot disorder. 

Aggravation is defined as a permanent worsening beyond the natural progression of the disease or disability.

The examiner must provide a complete rationale for any proffered opinions. In this regard, the examiner must discuss and consider the Veteran's December 2016 statement that he injured his back in Vietnam and that his right foot disorder worsened his back disorder. 

If the examiner is unable to provide any required opinions, he or she should explain why. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to the particular question presented.

5. The RO or the AMC should undertake any other development it determines to be warranted.

6. Then, the RO or the AMC should readjudicate the issues on appeal. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the RO or the AMC should furnish to the Veteran and his representative a supplemental statement of the case and afford them the requisite opportunity to respond. Thereafter, if indicated, the case should be returned to the Board for further appellate action.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).









 (CONTINUED ON NEXT PAGE)


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
B. MULLINS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).